81 F.3d 165
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Scott NIELSEN, Appellant,
Douglas McSHERRY; H.P. Anderson; Thomas Carter, parties
immediately above individually and for and on
behalf of the Special Health Services
Employee Assistance Program
for TWA Employees, Plaintiffs,
v.
TRANS WORLD AIRLINES, INC., Appellee.
Scott NIELSEN, Plaintiff,
Douglas McSHERRY; H.P. Anderson; Thomas Carter, parties
immediately above individually and for and on
behalf of the Special Health Services
Employee Assistance Program
for TWA Employees, Appellants,
v.
TRANS WORLD AIRLINES, INC., Appellee.
 Nos. 95-2396, 95-2567.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 11, 1996.
Filed March 27, 1996.
 
 Before BOWMAN and JOHN R. GIBSON, Circuit Judges, and KYLE,* District Judge.
 PER CURIAM.
 
 
 1
 Scott Nielsen, Douglas McSherry, Tom Carter and Hal Anderson, former pilots for Trans World Airlines (TWA), sued TWA and five individual defendants[1] alleging violations of the Employment Retirement Income Security Act (ERISA). Count I of the pilots' complaint, brought under 29 U.S.C. § 1104, alleges that TWA breached fiduciary duties in administering Special Health Services (SHS), TWA's employee assistance program. Count II of the pilots' complaint alleges that TWA violated 21 U.S.C. § 1140 which prohibits retaliation for, or interference with, the assertion of rights provided under ERISA. TWA moved for summary judgment. The District Court[2] denied TWA's motion for summary judgment on Count I finding disputed questions of fact, and granted summary judgment to TWA on Count II, holding that the pilots had presented no evidence of adverse employment action in retaliation for, or in interference with, rights under the SHS program. The District Court conducted a bench trial on Count I, and at the close of all the evidence ruled in favor of TWA on three independent and separate grounds: the pilots lacked standing to bring the lawsuit against TWA, SHS is not an employee welfare benefit plan subject to ERISA, and the pilots failed to show that TWA breached any fiduciary duty under 29 U.S.C. § 1104.[3] On appeal, the pilots argue that the District Court erred in reaching each of these conclusions.
 
 
 2
 Having carefully considered the record and the arguments of the parties, we conclude that no error of law or fact appears, and we affirm the judgment of the District Court for the reasons set forth in its well-reasoned opinion. See 8th Cir. R. 47B.
 
 
 
 *
 The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 Prior to trial, the pilots voluntarily dismissed all defendants except TWA
 
 
 [2]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri
 
 
 [3]
 At the conclusion of the trial, the District Court indicated that it would entertain an application from TWA for an award of attorney fees, and subsequently granted TWA's application for fees. The pilots filed a motion to stay the enforcement of the award of attorney fees pending appeal. This motion was denied by both the District Court and this Court